(153 App. Div. 359.)

### GUNHOUSE v. FRAENKEL.

(Supreme Court, Appellate Division, Second Department. November 27, 1912.)

MASTER AND SERVANT (§ 321*)—INJURY TO EMPLOYÉ OF CONTRACTOR.

Where an owner contracts for the use of the side wall of his building for advertising purposes by a third person without undertaking to furnish a safe place for the hooks which support a swinging scaffold for the painters, or preparing the building for hanging the scaffold, and without knowing how the painting is to be done or assuming any responsibility therefor, or inviting the painters upon the premises, he is not liable for injury to one engaged in painting the wall pursuant to a contract with the third person from the giving way of the top of the wall over which the hooks supporting his scaffold are clasped.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1262; Dec. Dig. § 321.*]

Appeal from Trial Term, Kings County.

Action by Joseph L. Gunhouse against Max Fraenkel. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Jeremiah J. Coughlan, of New York City, for appellant.

Frederick S. Martyn, of Brooklyn (Joseph A. Burdeau, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J. The defendant owns a certain building at No. 1023 Myrtle avenue, Brooklyn. An agreement had been made giving the use of one of the side walls of this building to Michael Stoltz and James K. Atkinson for advertising purposes, the terms of the agreement not appearing in the record. One George R. Singer took a contract from Stoltz and Atkinson to paint the sign upon the building, and the plaintiff, an employé of Singer, with a helper, were engaged in painting the sign when the accident complained of occurred on the 27th day of November, 1911. It appears that the plaintiff, with his helper, had placed a swinging scaffold along the face of the wall, using "S" hooks, with the large end of the hook clasped over the top of the parapet or fire wall of the building. This wall is described as projecting about 18 inches above the roof, and as being about 12 inches in thickness, constructed of brick. With the scaffold thus suspended from these hooks, and while the plaintiff and his helper were at work, the top of the wall, at a point where one of the hooks was placed, pulled off, and the plaintiff was thrown to the ground below, sustaining injuries for which the jury has given him a verdict for $2,000. The defendant appeals from the judgment entered upon the verdict, and from an order denying his motion for a new trial on the minutes.

There is no conflict in reference to the happening of the accident, nor is there any substantial conflict in the evidence in reference to the condition of the wall. The only serious question is whether as a matter of law the defendant owner of the building owed to the plaintiff any duty in the premises other than to refrain from active negligence. It is undoubtedly true that if the defendant, knowing the use which was to be made of the building, had undertaken to furnish a place for the hooks, or had supplied any appliances, he would be answerable for resulting damages due to defects in these appliances, as in the case of Coughtry v. Globe Woolen Co., 56 N. Y. 124, 15 Am. Rep. 387, and other authorities cited by the respondent, but here the defendant was entirely passive. Although defendant knew that the wall was to be used for displaying a painted advertisement, there is no evidence which would justify a finding that he knew the method which was likely to be employed in painting the sign; certainly none that he did anything to prepare the building for the hanging of the scaffold, or to in any manner assume responsibility for its condition. It thus appears that Stoltz and Atkinson were making use of this wall under an agreement which in law did not impose any duty upon the defendant, either in respect to its condition at the time when such agreement was made or at any time thereafter. There is no evidence of any warranty or covenants in respect to the premises, and it cannot be said that the defendant as the owner of the premises invited the plaintiff to come upon them. The plaintiff entered upon the premises at the invitation of Stoltz and Atkinson, and these owed the duty of exercising reasonable care, if any such duty existed, and in Callan v. Pugh, 54 App. Div. 545, 66 N. Y. Supp. 1118, it was held that an owner of a building owes to an employé of an independent contractor doing

work upon the building the duty to commit no active negligence, but that he is not liable for any passive negligence such as a failure to provide the employé of the independent contractor with a safe place in which to work. We are clear that in the case at bar the plaintiff has failed to establish a cause of action, for the reason that the defendant as the owner of the building under an agreement with third parties as to the use of the wall thereof owed him no duty under the circumstances disclosed.

The judgment and order appealed from should be reversed, and a new trial granted, costs to abide the event.